THE STATE, EX REL. RANDEL, *v.* SCOTT, AUDITOR.

(No. 4340—Decided December 31, 1952.)

*Mr. Paul C. Laybourne,* for plaintiff.
*Mr. Donald F. Kepple,* city solicitor, for defendant.

HUNSICKER, P. J. This is an action in mandamus, filed originally in this court, in which the state of Ohio, on relation of Thomas Randel, prays for the issuance of a writ against Raymond Scott, auditor of the city of Cuyahoga Falls, to compel the payment of the balance of relator's full salary as a police officer of the city for a period of time during which he was on "sick leave" due to injuries received not in the line of duty.

The amount sought is one hundred and seventy dollars. The city admits in its pleading a legal obligation to pay eighty-seven dollars and eighty-three cents, by virtue of a city ordinance regulating pay for sick leave of city "employees."

This court has heretofore determined that "A police officer of a municipal corporation is a public officer and his salary is an incident of the office itself." *Wright* v. *City of Lorain,* 70 Ohio App., 337, at p. 340, 46 N. E. (2d), 325.

It is a fundamental principle of the law of public officers that the right of an officer to his salary does not depend upon contract, but exists as a creature of the law and as an incident to the office. So long as one occupies his office, such officer is entitled to the compensation attached thereto, even if he is prevented by sickness from performing the duties of the office. This principle of law, however, is not operative in the face

of valid statutory or ordinance regulations providing for the rate of compensation, if any, during an officer's absence from his duties. See 43 American Jurisprudence, Public Officers, Section 379; 168 A. L. R., 476, annotation.

Tenure, dismissal, suspension, and related matters, concerning a police officer, are subject to state control. *State, ex rel. Arey,* v. *Sherrill, City Manager,* 142 Ohio St., 574, 53 N. E. (2d), 501. As a part of such state control, the Legislature of this state has enacted a civil service law (Section 486-1a *et seq.,* General Code), and has placed police officers within the classified service (Section 4378, General Code). Section 486-17c of this act provides for sick-leave payments to employees in governmental agencies. This statute reads in part as follows:

"*Each full-time employee,* whose salary or wage is paid in whole or in part by the state of Ohio and each full-time employee in the various offices *of the* county service and *municipal service,* and each full-time employee of any board of education, *shall be entitled for each completed month of service to sick leave* of one and one-fourth (1¼) work days with pay. Employees may use sick leave, upon approval of the responsible administrative officer of the employing unit, for absence due to illness, injury, exposure to contagious disease which could be communicated to other employees, and to illness or death in the employee's immediate family. *Unused sick leave shall be cumulative up to ninety (90) work days unless more than ninety (90) days are approved by the responsible administrative officer of the employing unit.*" (Italics ours.)

The term "employee" is defined in Section 486-1a (8), General Code, as follows:

"The term 'employee' or 'subordinate' signifies any person holding a position subject to appointment,

removal, promotion or reduction by an appointing officer.''

We therefore determine that, since the Civil Service Code defines the term ''employee,'' a police officer is an ''employee'' within the meaning of this act, even though a police officer is a public officer. A Legislature may properly define the terms it uses in the enactment of statutes.

There is nothing before us to show that the ''responsible administrative officer'' of the police department, the director of public safety, approved more than 90 days of sick leave for the relator.

Thomas Randel comes within the purview of the sick-leave provisions of Section 486-17c, General Code, and is entitled to its benefits. The municipality would not have the power to reduce the allowance so provided, and, since it did not increase the allowance, either by appropriate action of the ''responsible administrative officer'' of his ''employing unit'' or by municipal legislation, he is subject to the limitations contained in the general laws of the state of Ohio.

The writ of mandamus may issue for the amount admittedly due him, $87.83. The journal entry shall be prepared by counsel for plaintiff, with costs assessed against the defendant as auditor of the city of Cuyahoga Falls.

*Judgment accordingly.*

DOYLE and STEVENS, JJ., concur.