BIRKBECK v. WADSWORTH BOARD OF EDUCATION.

[Cite as Birkbeck v. Bd. of Edn., 17 Ohio Misc. 245.]

(No. 23521—Decided February 26, 1969.)

Common Pleas Court of Medina County.

*Mr. Peter I. Gee* and *Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman*, for plaintiff.
*Mr. Robert T. Baker*, for defendant Wadsworth Board of Education.

WINTER, J. Plaintiff, a nonteaching employee of the city of Wadsworth, Ohio Board of Education, in her petition seeks a declaratory judgment as to her rights to sick leave under Section 143.29, Revised Code; and prays that she may be entitled to sick leave pay for the period from October 21, 1966, through December 3, 1966, when she was necessarily absent from her regularly assigned duties in order to care for her husband who suffered a heart attack.

Defendant demurred on the ground that the petition did not state a cause of action. Defendant's demurrer was overruled and thereafter an agreed stipulation of facts was filed with the court as follows:

"1. Plaintiff is a nonteaching school employee employed by the city of Wadsworth, Ohio Board of Education.

"2. Plaintiff's husband, Robert Birkbeck, became ill and plaintiff was advised that he had suffered a heart attack. Plaintiff's husband returned home from the hospital on October 21, 1966, and plaintiff was advised that his condition required constant care. Robert Birkbeck died December 3, 1966.

"3. Plaintiff did not work from October 21, 1966, through December 3, 1966, remaining at home caring for her husband.

"4. Plaintiff had, on October 21, 1966, accumulated in excess of ninety days unused sick leave pursuant to Section 143.29, Revised Code.

"5. Plaintiff requested payment for sick leave for the period from October 21, 1966, through December 3, 1966, in accordance with Section 143.29, Revised Code, and such request was accompanied by doctors' statements.

"6. Defendant has established a policy granting an employee a maximum of three days sick leave when an employee is required to be away from work due to illness or death in the employee's immediate family. The plaintiff was granted only three days of paid sick leave for the period from October 21, 1966, through December 3, 1966."

Motions for summary judgment were filed by both the defendant and the plaintiff and this cause is now before the court on those motions, a stipulation of facts, briefs and arguments of counsel.

The Court of Appeals for the Eighth Appellate District, in the case of *Hagesfeld* v. *Campbell*, 85 Ohio Law Abs. 61, at page 63, stated that:

"The essence of a motion for summary judgment is that there is no bona fide factual issue between the parties, and one of the parties, the movant, is entitled to judgment as a matter of law."

Section 2311.041(B), Revised Code, in part, reads:

"* * * A summary judgment shall not be rendered unless it appears from the pleadings, * * * transcripts of evidence in the pending case, and written stipulations of fact, if any, previously filed in the action, and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; * * *."

Or, stated in the affirmative (see 50 Ohio Jurisprudence 2d 453, Section 14):

"Such a judgment (summary judgment) may be entered in favor of the party moving therefor where it appears from the pleadings, * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party opposing the motion for summary judgment."

Accordingly, the court upon consideration finds defendant's motion for summary judgment is not well taken and the same is overruled.

With respect to plaintiff's motion for summary judgment filed pursuant to petitioner's prayer for declaratory judgment as to her rights under the statute, there being no genuine issue as to any material fact, the motion is hereby sustained. The court now may proceed, as provided under Section 2311.041, Revised Code, to determine the rights of the plaintiff under Section 143.29, Revised Code.

Further, the court is of the opinion that the within action, by a nonteaching employee of a city board of educaiton, seeking determination of the construction of Section 143.29, Revised Code, the rights of such employee to use accumulated sick leave for absence due to illness or death in the employee's immediate family, is a proper cause for declaratory judgment within the meaning of Section 2721.-03, Revised Code.

Therefore, the only question at issue in the instant cause is: may a city board of education limit the use of sick leave to a maximum of three days when the absence of a nonteaching employee entitled to sick leave, pursuant to Section 143.29, Revised Code, is due to illness or death in the employee's immediate family.

The pertinent part of Section 143.29, Revised Code, then in effect (see 131 Ohio Laws 129), read as follows:

"* * * each full-time employee of any board of education, shall be entitled for each completed month of service to sick leave of one and one-fourth work days with pay. Employees may use sick leave, upon approval of the responsible administrative officer of the employing unit, for absence due to illness, injury, exposure to contagious disease which could be communicated to other employees, and to illness or death in the employee's immediate family. * * * The responsible administrative officer of the employing unit may require the employee to furnish a satisfactory affidavit that his absence was caused by illness due to any of the causes mentioned in this section * * *. This section shall be uniformly administered as to employees in each agency of the state government."

It is to be noted that the petition of the plaintiff and the memoranda filed by both of the parties hereto, make reference to Section 143.29, Revised Code, in its present form as amended, effective May 17, 1967, and not to the section effective at the time the cause of action herein arose, namely, the period October 21, 1966, through December 3, 1966. This court, however, is of the opinion that the 1967 amendments have no material effect on the issue at bar.

In order to make a declaration of plaintiff's rights herein it is necessary to ascertain the legislative intent behind the enactment of the statute in question. As pointed out by the court in the case of *Pittsburg Steel Co.* v. *Bowers, Tax Commr.*, 173 Ohio St. 74, at page 77:

"It is fundamental, of course, that in construing any legislative enactment, it is the duty of the court where possible to effectuate the purpose of the Legislature."

The use of the word "shall" by the Legislature in the first sentence of the statute "* * * and each full-time employee of any board of education, shall be entitled for each completed month of service to sick leave of one and one-fourth work days with pay," is usually interpreted to make the provision in which it is contained mandatory (50 Ohio Jurisprudence 2d 29, Section 19).

Use of the word "may" following the word "employees" in the second sentence, "Employees may use sick leave, * * *" indicates legislative intent to give employees,

entitled thereto, the option to use sick leave, rather than the employing unit the right to grant sick leave. And the remainder of the language in the sentence, "* * * upon approval of the responsible administrative officer of the employing unit, for absence due to illness, injury, exposure to contagious disease which could be communicated to other employees, and to illness or death in the employee's immediate family." indicates that the Legislature intended use of sick leave to be limited to four specified purposes, namely, absence due to the employee's:

(1) illness;

(2) injury;

(3) exposure to contagious disease; and to absence due to:

(4) illness or death in the employee's immediate family.

Further, this sentence, together with the language of the next to the last sentence of the paragraph, "The responsible administrative officer of the employing unit may require the employee to furnish a satisfactory affidavit that his absence was caused by illness due to any of the causes mentioned in this section * * *," indicates the intention to (a) insure notice to the employer of the employee's impending absence for one of the specified reasons and (b) afford the employer the opportunity of verification that the sick leave will be used for the purposes set forth in the statute.

It should be noted also that this language refers to the employee's own illness, injury, and exposure to contagious disease, as well as to his absence for illness or death of a member of his immediate family. Thus, if this clause were to be interpreted to mean that the employer, at his discretion, may adopt a rule limiting the use of sick leave to absence due to illness or death in the employee's immediate family, it would follow that the employer could likewise limit such absence due to the employee's own illness, injury, or exposure to contagious disease; a construction that would be completely unrealistic and, certainly, one not intended by the Legislature.

The concluding sentence of the paragraph under consideration contains additional evidence of legislative intent in the words:

"This section shall be uniformly administered as to employees in each agency of the state government."

And reference is made to Opinion Number 54-3643, of the Attorney General of Ohio, which indicates that sick leave benefits should be applied uniformly to all employees covered.

In the case of *State* v. *Powers*, 38 Ohio St. 54, the Supreme Court said:

"Under Section 26, Article 2, and Section 2, Article 6 of the Constitution, laws regulating the organization and management of common schools must have uniform operation throughout the state."

The language of the statute and the foregoing references, in the opinion of this court, signify that the Legislature intended sick leave to be used uniformly throughout the state. It is but a step further to conclude that greater uniformity of operation is promoted by uniform administration, rather than by leaving such a determination as this to the discretion of local employing units. Uniformity will not be achieved if individual school boards are permitted to make rules and regulations limiting the provisions of Section 143.29, Revised Code, at will. Accordingly, the court finds that Section 143.29, Revised Code, is a law of general nature and as such must have a uniform operation throughout the state.

Finally, the court concludes that the defendant city board of education is without authority, under the provisions of Section 143.29, Revised Code, to limit the use of sick leave to a maximum of three days when the absence of a nonteaching employee entitled to sick leave is due to illness or death in the employee's immediate family; and the plaintiff herein is entitled to sick leave with pay for the period October 21, 1966, through December 3, 1966.

Plaintiff's motion for summary judgment is granted.

*Judgment accordingly.*