CIVIL SERVICE PERSONNEL ASSOCIATION, INC. ET AL., APPELLANTS, *v.* CITY OF AKRON, APPELLEE.

(No. 11636—Decided
September 12, 1984.)

*Harry A. Tipping,* for appellants.
*Janice E. Crossland,* assistant director of law, for appellee.

MAHONEY, J. Five individual appellants employed by the city of Akron and appellant Civil Service Personnel Association, Inc., their bargaining representative, appeal the trial court's dismissal of their complaint seeking declaratory judgment. We affirm.

All five of the individual employees were formerly employed by the state of Ohio or another political subdivision of the state and had accumulated unused sick leave credits before taking their positions with the city of Akron. They contend that the city is obligated to credit them for the sick leave they accumulated in their former employment pursuant to R.C. 124.38 which states in part that:

"Each employee in the various offices of * * * municipal * * * service * * * shall be entitled for each completed eighty hours of service to sick leave of four and six-tenths hours with pay. * * * An employee who transfers from one public agency to another shall be credited with the unused balance of his accumulated sick leave up to the maximum of the sick leave accumulation permitted in the public agency to which the employee transfers. * * *"

Appellants brought this suit for declaratory judgment because of the city's failure to give them credit for the sick leave accumulated with their former public employers.

The city argues that, as a charter city, granting such sick leave credits is a matter of local self-government and as such cannot be imposed upon them by a state statute due to the home rule provisions, Sections 3 and 7, Article XVIII, Ohio Constitution. The trial court agreed and dismissed the suit upon the city's motion.

### Assignment of Error

"The lower court erred by its determination that the city of Akron was not bound by Section 124.38 of the Ohio Revised Code, as such a decision is clearly contrary to the legislative intent of the statute and interpretive law declared by the Supreme Court of Ohio."

The singular question involved in this case is whether the city of Akron, a charter city, is subject to the transfer requirement laid out in R.C. 124.38, quoted above. The city also raises an issue as to the meaning of the word "transfer" since the appellants were hired as new employees by the city, and were not "transfers" from other public agencies. Because of the reasoning below, we find it unnecessary to determine what is meant by "transfer."

Our task is to decide whether the granting of the sick leave credits sought by appellants is purely a matter of local self-government or is in some way a matter of general, statewide concern. If the transfer provision is both a local and statewide matter, then the state statute must prevail. *Canton* v. *Whitman* (1975), 44 Ohio St. 2d 62 [73 O.O.2d 285].

Under the Ohio Constitution, Section 7, Article XVIII, a "* * * municipality may frame and adopt or

amend a charter for its government and may, subject to the provisions of section 3 of the article, exercise thereunder all powers of local self-government."

It is not disputed here that Akron is such a charter city. The limits on local self-government appear in Section 3, Article XVIII, Ohio Constitution, which states that:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

As such, the city is free to ignore the apparent requirement of recognizing the appellants' prior accrued sick leaves unless the granting of sick leave "transfer" credits can be shown to be a police, sanitary or other similar regulation of general statewide concern. The cases cited by counsel are numerous and varied, but none give more than a indication of the answer in this case.

Obviously, the statute at hand does not deal with police or sanitary regulations, but might be characterized as a similar regulation. The Ohio Supreme Court has said that:

"It is a fundamental principle of Ohio law that, pursuant to the 'statewide concern' doctrine, a municipality may not, in the regulation of local matters, infringe on matters of general and statewide concern. * * *" *State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88, 89-90 [23 O.O.3d 145].

In *Evans,* the court held that Ohio's prevailing wage law is such a concern and that any variance below that wage by a municipality is invalid.

As for sick leave benefits and R.C. 124.38, this court long ago ruled that sick leave is a matter of statewide concern and control under the civil service law, and that a municipality is prohibited from giving less than the statutorily required amount of sick leave. *State, ex rel. Randel,* v. *Scott* (1952), 95 Ohio App.

197 [53 O.O. 132]. In a more recent case, *Ebert* v. *Bd. of Mental Retardation* (1980), 63 Ohio St. 2d 31 [17 O.O.3d 19], the Ohio Supreme Court approved of the holding in *State, ex rel. Randel,* v. *Scott, supra,* and agreed that R.C. 124.38 sets a minimum below which a municipality may not venture.

In holding that R.C. 124.38 sets a minimum which applies to home rule cities, the cases cited above dealt only with that part of R.C. 124.38 which requires that a certain amount of sick leave be granted to employees for work done for that employer. Whether the same holding applies to the "transfer" of sick leave credits has to this point been undecided. In deciding this issue, we find no difficulty in separating the transfer-of-credit portion of the statute from the minimum requirement portion.

We hold that it is a statewide concern for the legislature to determine that all governmental employees receive a reasonable amount of sick leave. We believe it is a valid concern of the state to provide for the welfare and comfort of all Ohio governmental employees and akin to the police and sanitary concerns mentioned in Section 3, Article XVIII, Constitution quoted above. The same cannot be said of the transfer provision. Transferring sick leave credits does not revolve around a statewide concern that all public employees be granted some sick leave. Rather, it concerns a matter of fiscal policy which is well within the realm of local self-government, and not a concern for any political body except the municipality against which it is desired to be applied.

We overrule the appellants' assignment of error. The judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.