**FRATERNAL ORDER OF POLICE, LODGE 39 et al., Appellants,**

v.

**CITY OF EAST CLEVELAND et al., Appellees.**

[Cite as *Fraternal Order of Police, Lodge 39 v. East Cleveland* (1989), 64 Ohio App.3d 421.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57445.

Decided Dec. 26, 1989.

*Joseph W. Diemert, Jr.* and *William F. Schmitz,* for appellants.

*Craig E. Willis,* Acting Director of Law, for appellees.

*Per Curiam.*

Plaintiffs, the East Cleveland Fraternal Order of Police and nine retired employees of the East Cleveland Police Department, filed a complaint in Cuyahoga County Common Pleas Court, case No. 113,297, against defendants, the city of East Cleveland, the East Cleveland City Council, East Cleveland Mayor Daryl Pittman and Finance Director Daniel J. Bertosa. Plaintiffs' complaint alleged defendants wrongfully withheld payment of accrued sick leave benefits upon retirement of each of the police officers in violation of R.C. 124.39. Plaintiffs' prayer sought relief in mandamus, payment of the accrued benefits and money damages under Section 1983, Title 42, U.S.Code. Subsequent to the filing of the complaint, the East Cleveland Fraternal Order of Police withdrew as a plaintiff, thereby leaving as plaintiffs the nine employees of the East Cleveland Police Department.

Defendants filed a motion for summary judgment on the ground, *inter alia*, the city of East Cleveland and its city officials are exempt from following R.C. 124.39 under the home rule provision of the Ohio Constitution. Plaintiffs opposed defendants' motion. On August 1, 1987, the trial court journalized an order granting defendants' summary judgment on the merits, but failed to address whether plaintiffs were entitled to a writ of mandamus. Plaintiffs appealed to this court. In *East Cleveland F.O.P. v. East Cleveland* (Oct. 20, 1988), Cuyahoga App. No. 54346, unreported, 1988 WL 112867, this court remanded the case *sub judice* for a determination on plaintiffs' request for a writ of mandamus.

On March 7, 1989 the trial court journalized an order modifying the court's August 11, 1987 entry to state "writ of mandamus denied" and further ordered plaintiffs' complaint dismissed with prejudice at plaintiffs' costs. Plaintiffs filed a timely notice of appeal assigning two errors.

Plaintiffs' assignments of error follow:

"I. The trial court erred in finding that East Cleveland Resolution 1767 prevails over conflicting portions of Revised Code Sections 124.38 and 124.39 as those statutes are laws of a general nature adopted by the Ohio General Assembly and manifest a statewide concern.

"II. The trial court erred in finding that East Cleveland Resolution 1767 prevails over O.R.C. 124.39 as the statute concerns the general welfare of employees and is a valid enactment pursuant to Article II, Section 34 of the Ohio Constitution."

Plaintiffs' assignments of error have merit.

Plaintiffs argue the trial court erred when it granted summary judgment to defendants since R.C. 124.39 prevails over the East Cleveland ordinance on

two grounds: (1) R.C. 124.39 is a statute of general nature adopted for a statewide concern, and (2) R.C. 124.39 is a statute concerning the general welfare of employees pursuant to Section 34, Article II, of the Ohio Constitution. Plaintiffs' arguments are persuasive.

R.C. 124.39(B) and (C) provide in relevant part as follows:

"(B) Except as provided in division (C) of this section, *an employee* of a political subdivision covered by section 124.38 or 3319.141 [3319.14.1] of the Revised Code *may elect*, at the time of retirement from active service with the political subdivision, and with ten or more years of service with the state, any political subdivisions, or any combination thereof, *to be paid in cash for one-fourth the value of his accrued but unused sick leave credit.*

" * * *

"(C) A political subdivision may adopt a policy allowing an employee to receive payment for *more than one-fourth the value of his unused sick leave or for more than the aggregate value of thirty days* of his unused sick leave, or allowing the number of years of service to be less than ten. The political subdivision may also adopt a policy permitting an employee to receive payment upon a termination of employment other than retirement or permitting more than one payment to any employee." (Emphasis added.)

The sole issue in the case *sub judice* is whether the city of East Cleveland may enact a resolution, *viz.*, Resolution No. 1767, which would deny the right to compensation provided for in R.C. 124.39(B). Resolution No. 1767 provides in relevant part as follows:

"NOW, THEREFORE, BE IT RESOLVED by the Commission of the City of East Cleveland, County of Cuyahoga, State of Ohio, four-fifths of all members thereof concurring:

"SECTION 1: It is hereby established and declared that the policy of the City of East Cleveland is and shall be that *upon their retirement, employees of the City of East Cleveland shall not receive any part of their unused sick leave as pay.*" (Emphasis added.)

The resolution is in direct conflict with state law, *viz.*, R.C. 124.39(B).

In *Weir v. Rimmelin* (1984), 15 Ohio St.3d 55, 56, 15 OBR 151, 152, 472 N.E.2d 341, 343, the court succinctly summarized the holding of *Clermont Environmental Reclamation Co. v. Wiederhold* (1982), 2 Ohio St.3d 44, 2 OBR 587, 442 N.E.2d 1278, as follows:

"Where the General Assembly has enacted legislation pursuant to the state's police power which governs a statewide concern, the statute takes precedence over ordinances enacted under the home rule authority of municipalities." See, also, Section 3, Article XVIII, Ohio Constitution.

In *South Euclid Fraternal Order of Police v. D'Amico* (1983), 13 Ohio App.3d 46, 13 OBR 49, 468 N.E.2d 735, this court held R.C. 124.38 is a law of general nature which prevails over conflicting municipal ordinances. R.C. 124.38 and 124.39 are closely related since R.C. 124.38 creates vested rights in sick leave and R.C. 124.39 provides the method for a retiring employee to receive a percentage of his/her accrued sick time in cash. Thus, it reasonably follows that R.C. 124.39 is a law of general nature, governing a statewide concern, which prevails over conflicting municipal ordinances. *Weir, supra.*

Section 34, Article II of the Ohio Constitution provides as follows:

"Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and *general welfare* of all employees; *and no other provision of the constitution shall impair or limit this power.*" (Emphasis added.)

R.C. 124.39 was clearly enacted pursuant to Section 34, since it provides for the general welfare of employees and gives such employees incentive to accumulate sick time. Consequently, the supremacy clause of Section 34, emphasized above, operates to invalidate conflicting legislation, including East Cleveland Resolution No. 1767 enacted pursuant to the "home rule" provision of Section 3, Article XVIII. Moreover, it may be noted R.C. 124.39(C) provides that a political subdivision may adopt a policy allowing a retiring employee to receive more than one fourth of the value of his unused sick leave. As a general rule of statutory construction, the specific mention of one thing implies the exclusion of another. *Montgomery Cty. Bd. of Commrs. v. Pub. Util. Comm.* (1986), 28 Ohio St.3d 171, 175, 28 OBR 262, 265, 503 N.E.2d 167, 170. Since R.C. 124.39(C) expressly provides that the political subdivision may pay its retired employees *more* than one fourth of their accumulated sick time in cash, R.C. 124.39 necessarily implies the exclusion of a provision permitting political subdivisions to deny retiring employees *less* than the statutorily mandated one-fourth percentage in cash.

We, therefore, find the city of East Cleveland cannot constitutionally enact Resolution No. 1767.

Accordingly, plaintiffs' assignments of error are well taken and are sustained.

Judgment reversed and remanded.

*Judgment reversed and cause remanded.*

KRUPANSKY, P.J., and STILLMAN, J., concur.

JOHN F. CORRIGAN, J., dissents.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.

JOHN F. CORRIGAN, Judge, dissenting.

I respectfully dissent from the majority's holding that the home rule provision of the Ohio Constitution fails to exempt the city of East Cleveland from the operation of R.C. 124.39(B). This statute does not constitute a law of general nature governing a state-wide concern. The majority's determination represents a further evisceration of a municipality's power to regulate purely local matters.

"The purpose of the Home Rule amendments was to put the conduct of municipal affairs in the hands of those who knew the needs of the community best, to wit, the people of the city." *Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 379, 15 O.O.3d 450, 453, 402 N.E.2d 519, 522, fn. 1. I recognize that the state's interest in regulating matters of state-wide concern appropriately limits the home rule powers of a municipality. However, R.C. 124.39(B) interferes with the municipality's home rule power to fiscally manage the general welfare right of sick leave as established under R.C. 124.38.

This court has previously determined that R.C. 124.38 is a law of a general nature that establishes for covered employees a vested right in accumulated sick leave. See *South Euclid Fraternal Order of Police v. D'Amico* (1983), 13 Ohio App.3d 46, 47, 13 OBR 49, 50, 468 N.E.2d 735, 737. However, the municipal employer retains the power to regulate sick leave pursuant to home rule provided that such regulation does not effectively extinguish the benefit.

Here, the East Cleveland resolution does not destroy the employee's right to sick leave but merely limits the availability of the benefit to the period of employment. This policy is consistent with the underlying purpose of R.C. 124.38 which is merely to ensure that municipal employees will receive a "*minimum* sick leave benefit." (Emphasis *sic.*) *Ebert v. Bd. of Mental Retardation* (1980), 63 Ohio St.2d 31, 32, 17 O.O.3d 19, 20, 406 N.E.2d 1098, 1099–1100. The East Cleveland resolution does not reduce the benefit below minimal amounts. Rather, the East Cleveland resolution precludes the award of what amounts to a retirement bonus to qualifying municipal employees.

In *Civil Serv. Personnel Assn. v. Akron* (1984), 20 Ohio App.3d 282, 20 OBR 374, 485 N.E.2d 775, the Court of Appeals for Summit County addressed an issue similar to the issue in the instant action. In that case, the defendant city of Akron refused to give new municipal employees who had transferred from other public agencies credit for sick leave accumulated during that prior employment. This policy directly contravenes the provision in R.C. 124.38

which requires the crediting of sick leave accumulated in the public agency from which the employee transfers. In affirming the trial court's declaration that the city's home rule powers prevail over that provision of R.C. 124.38, the court of appeals stated:

"Transferring sick leave credits does not revolve around a statewide concern that all public employees be granted some sick leave. Rather, it concerns a matter of fiscal policy which is well within the realm of local self-government, and not a concern for any political body except the municipality against which it is desired to be applied." *Id.,* 20 Ohio App.3d at 284, 20 OBR at 376, 485 N.E.2d at 777–778.

I find this reasoning persuasive. Here, the disposition upon retirement of the accumulated sick leave of municipal employees constitutes a matter of local fiscal policy rather than a matter of state-wide concern. The city's resolution does not operate to impair the sick leave benefit created under R.C. 124.38. The resolution appropriately limits the availability of the benefit to the period of employment.

The intent of R.C. 124.39(B) is to discourage the misuse of sick leave. The vested right is to sick leave claimed pursuant to the statute. Under home rule a municipality has the power and is in the best position to determine what method to employ to discourage abuse of sick leave. In *South Euclid Fraternal Order of Police v. D'Amico, supra,* 13 Ohio App.3d at 48, 13 OBR at 52, 468 N.E.2d at 738, cited by the majority, this court, in finding the South Euclid ordinance unconstitutional, stated:

"This ordinance contains two major parts, '137.04 SICK LEAVE DEFINED,' and '137.06 JUSTIFICATION AND APPROVAL OF SICK LEAVE.' The first part is clearly unconstitutional since only R.C. 124.38 can define what 'sick leave' is. *The second part is just as clearly within the power of the city to enact procedures to see that sick leave is properly used."* (Emphasis added.)

There are numerous methods to discourage unwarranted absenteeism and to reward faithful performance of duties which do not have a direct fiscal impact. This type of decision properly rests with the municipality.

Accordingly, I would affirm the trial court's judgment that the city's sick leave resolution constitutes a proper exercise of the city's home rule powers.