The STATE ex rel. REUSS, Appellant,

v.

CITY OF CINCINNATI et al., Appellees.■

[Cite as *State ex rel. Reuss v. Cincinnati* (1995), 102 Ohio App.3d 521.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940134.

Decided April 12, 1995.

*James W. Hengelbrok,* for appellant.

*Fay D. Dupuis,* City Solicitor, and *Julie F. Bissinger,* for appellees.

HILDEBRANDT, Presiding Judge.

The issue presented in this case is whether the Home Rule Amendment of the Ohio Constitution allows a charter city to circumvent the provisions of R.C. 124.38

as it pertains to the transfer of an employee's unused accumulated sick leave. We hold that it does not and that the city must comply with the transfer provision.

Relator-appellant, Mark A. Reuss, is a member of the fire division of the city of Cincinnati. On February 4, 1993, he filed a complaint against respondents-appellees, the city of Cincinnati; Gerald Newfarmer, the city manager; Betty M. Baker, the city's director of personnel; and Thomas E. Steidel, the city's acting fire chief (collectively, "the city"). In his complaint, Reuss sought a writ of mandamus requiring the city to correct his accrued sick leave to reflect a transfer of the accumulated unused sick leave he had earned with his prior employer, the city of Cheviot, Ohio.

Subsequently, the city filed a motion for summary judgment in which it argued that, as a charter municipality, it had the power of local self-government under Section 3, Article XVIII of the Ohio Constitution and, since the transfer of sick leave credit was a matter of local concern, it could limit the right of its employees to transfer accumulated unused sick leave obtained while working for another political subdivision. On February 1, 1994, the trial court granted the city's motion for summary judgment.

From that judgment, Reuss has brought this appeal, in which he asserts two assignments of error. In his first assignment of error, he states that the trial court erred in granting summary judgment in favor of the city. In his second assignment of error, he states that the trial court erred by refusing to grant him a writ of mandamus. In both of these assignments of error, he argues that the transfer provision of R.C. 124.38 is a matter of general statewide concern and therefore the city cannot use its home rule authority to avoid the statute's application. Because these assignments of error involve the same issues of law, we will discuss them together. We find them to be well taken.

Section 3, Article XVIII of the Ohio Constitution, the Home Rule Amendment, gives municipalities authority to "exercise all power of local self-government and to adopt and enforce * * * such local police, sanitary and other similar regulations, as are not in conflict with general laws." It confers a high degree of sovereignty upon municipalities. *Weir v. Rimmelin* (1984), 15 Ohio St.3d 55, 56, 15 OBR 151, 152, 472 N.E.2d 341, 343. However, it does not provide cities the absolute power of local self-government. Where the state legislature has enacted legislation pursuant to the state's police power which governs a statewide concern, the statute takes precedence over ordinances enacted under the home rule authority of municipalities. *Id.*

R.C. 124.38 provides that certain public employees are entitled to paid sick leave and that "[u]nused sick leave shall be cumulative without limit." It further provides that "[a]n employee who transfers from one public agency to another

shall be credited with the unused balance of his accumulated sick leave up to the maximum of the sick leave accumulation permitted in the public agency to which the employee transfers."

The city argues, and the trial court held, that the transfer of sick leave is a matter of local fiscal interest and is not of statewide concern. It relies upon *Civ. Serv. Personnel Assn., Inc. v. Akron* (1984), 20 Ohio App.3d 282, 20 OBR 374, 485 N.E.2d 775, in which the court stated that "it is a statewide concern for the legislature to determine that all governmental employees receive a reasonable amount of sick leave." *Id.* at 284, 20 OBR at 375, 485 N.E.2d at 777. However, the court went on to state:

" * * * The same cannot be said of the transfer provision. Transferring sick leave credits does not revolve around a statewide concern that all public employees be granted some sick leave. Rather, it concerns a matter of fiscal policy which is well within the realm of local self-government, and not a concern for any political body except the municipality against which it is desired to be applied." *Id.* at 284, 20 OBR at 376, 485 N.E.2d at 777–778.

We disagree with the position of the *Akron* court. In *Ebert v. Stark Cty. Bd. of Mental Retardation* (1980), 63 Ohio St.2d 31, 32, 17 O.O.3d 19, 20, 406 N.E.2d 1098, 1099–1100, the Ohio Supreme Court held that R.C. 124.38 "neither establishes nor limits the power of a political subdivision. Rather, it ensures that the employees of such offices will receive at least a minimum sick leave benefit or entitlement." Sick leave credits once earned become a vested right which cannot be retroactively revoked. *Id.* at 34, 17 O.O.3d at 21, 406 N.E.2d at 1100. The employing unit does not grant sick leave; the employee earns it as a vested right. *S. Euclid Fraternal Order of Police v. D'Amico* (1983), 13 Ohio App.3d 46, 47, 13 OBR 49, 50, 468 N.E.2d 735, 737. Therefore, while the employer may set standards for determining when sick leave is properly used, it may not modify, amend or abridge the rights granted in the statute. *Id.* at 48, 13 OBR at 51–52, 468 N.E.2d at 738.

In *Fraternal Order of Police, Lodge 39 v. E. Cleveland* (1989), 64 Ohio App.3d 421, 581 N.E.2d 1131, nine retired police department employees filed a mandamus action alleging that the city of East Cleveland, relying on a city ordinance, had wrongfully withheld payment of accrued sick leave benefits upon the employees' retirement in violation of R.C. 124.39. R.C. 124.39(B) provides that an employee with ten or more years' service with a public employer may elect at the time of retirement to be paid in cash for one-fourth the value of his or her accrued but unused sick leave credit. The trial court granted summary judgment in favor of the city and denied the writ of mandamus. The court of appeals reversed, stating:

"In *South Euclid Fraternal Order of Police v. D'Amico* (1983), 13 Ohio App.3d 46, 13 OBR 49, 468 N.E.2d 735, this court held R.C. 124.38 is a law of general nature which prevails over conflicting municipal ordinances. R.C. 124.38 and 124.39 are closely related since R.C. 124.38 creates vested rights in sick leave and R.C. 124.39 provides the method for a retiring employee to receive a percentage of his/her accrued sick time in cash. Thus, it reasonably follows that R.C. 124.39 is a law of general nature, governing a statewide concern, which prevails over conflicting municipal ordinances. * * * " *Id.,* 64 Ohio App.3d at 424, 581 N.E.2d at 1133.

The court then quoted Section 34, Article II of the Ohio Constitution, which states that "[l]aws may be passed fixing and regulating the hours of labor, establishing a minimum wage and providing for the comfort, health, safety and general welfare of all employees; and no other provision of the constitution shall impair or limit this power." It went on to state:

"R.C. 124.39 was clearly enacted pursuant to Section 34, since it provides for the general welfare of employees and gives such employees incentive to accumulate sick time. Consequently, the supremacy clause of Section 34 * * * operates to invalidate conflicting legislation, including East Cleveland Resolution No. 1767 enacted pursuant to the 'home rule' provision of Section 3, Article XVIII. * * *" *Id.,* 64 Ohio App.3d at 424, 581 N.E.2d at 1133. See, also, *State ex rel. Adkins v. Sobb* (1986), 26 Ohio St.3d 46, 26 OBR 39, 496 N.E.2d 994; *State ex rel. Villari v. Bedford Hts.* (1984), 11 Ohio St.3d 222, 11 OBR 537, 465 N.E.2d 64 (transfer of unused vacation credit is a matter of statewide concern).

With due deference to the *Akron* court, our review of the above authority convinces us that the right to transfer accumulated, unused sick leave credit is a vested right which takes precedence over the authority granted to the city under the Home Rule Amendment. The transfer of sick leave credit is an integral part of the state's general concern for providing for the general welfare of public employees. To prevent an employee from transferring sick leave credit is to deprive that employee retroactively of his or her vested right to sick leave. Therefore, we hold that the transfer provision of R.C. 124.38 is a law of general nature which governs a statewide concern and which prevails over the city's attempt to limit it.

Accordingly, Reuss's assignments of error are sustained. We reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion, including granting a writ of mandamus directing the city to correct Reuss's accrued sick leave to reflect the transfer of accumulated, unused sick leave from the city of Cheviot.

*Judgment accordingly.*

M.B. BETTMAN and PAINTER, JJ., concur.