CARROLL, APPELLANT, *v.* DEPARTMENT OF ADMINISTRATIVE SERVICES ET AL., APPELLEES.

(No. 82AP-931—Decided June 9, 1983.)

*Ms. Deborah L. Kurfiss,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Michael A. Moses,* for appellee Ohio Bureau of Employment Services.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. David H. Beaver* and *Mr. James C. Neary,* for appellees Dept. of Admin. Services and State Personnel Board of Review.

NORRIS, J. Appellant, Verna Carroll, appeals from an order of the court of common pleas affirming the decision of the

State Personnel Board of Review which in turn had affirmed the order of her employer, the Ohio Bureau of Employment Services, which terminated her employment.

Appellant twice received notification from her employer to report to a physician's office for a medical examination. Because on both occasions she failed to appear for the examinations, she was discharged for insubordination.

Although appellant's brief fails to include assignments of error as required by the Rules of Appellate Procedure, we will consider the assignment of error to be that the court of common pleas erred in finding that the order of the State Personnel Board of Review was supported by reliable, probative and substantial evidence, and was in accordance with law.

In directing appellant to report for medical examinations, her employer relied upon Ohio Adm. Code 123:1-33-10 which read as follows:

"*Physical Examination.* An appointing authority may require an employee to take an examination, conducted by a licensed physician, to determine his physical or mental capability to perform the duties of his position. If found not qualified, the employee may be placed on sick leave or disability leave, in accordance with rule 123:1-31-02. The cost of such examination shall be paid by the appointing authority."

In adopting the rule, the Director of Administrative Services noted that he was relying upon R.C. 124.38 as statutory authority for the rule. At the time in question, that section of the Revised Code read (see 135 Ohio Laws, Part II, 700-701), in pertinent part, as follows:

"Each employee, whose salary * * * is paid * * * by the state, * * * shall be entitled for each completed eighty hours of service to sick leave of four and six-tenths hours with pay. Employees may use sick leave, upon approval of the responsible administrative officer of the employing unit, for absence due to personal illness, pregnancy, injury, exposure to contagious disease which could be communicated to other employees, and to illness, injury, or death in the employee's immediate family. Unused sick leave shall be cumulative without limit. * * * The appointing authority of each employing unit shall require an employee to furnish a satisfactory written, signed statement to justify the use of sick leave. If medical attention is required, a certificate stating the nature of the illness from a licensed physician shall be required to justify the use of sick leave. * * * This section shall be uniformly administered as to employees in each agency of the state government by the director of administrative services. * * *"

Appellant argues that the rule, in permitting an appointing authority to require an employee to submit to a medical examination, exceeds the rulemaking authority of the Director of Administrative Services.

Pursuant to R.C. 124.09(A), the director is required to prescribe administrative rules "for the purpose of carrying out the functions, powers, and duties vested in and imposed upon him" by statute. Implicit within the provisions of R.C. 124.38 are the administrative duties of keeping records of accrued sick leave and verifying its proper use. Pursuant to carrying out those duties, it might have been reasonable for the director to promulgate a rule which required medical examinations for the purpose of ascertaining whether an employee's use of sick leave is warranted. But, the examination called for by the rule has no relationship to an employee's election to use sick leave as permitted under the statute. Instead, the examination is for the purpose of assisting the appointing authority in determining whether the employee is able to perform his job. The only relationship between the rule and sick leave is the authority granted by the rule to the appointing authority to impose upon the employee an involuntary utilization of his

sick leave — something that is not within the contemplation of the statute.

The effect of the rule, then, is to vest the public employer with powers not granted him by the General Assembly — to order medical examinations to determine the physical or mental capacity of an employee to perform his job, and to require an employee to use his sick leave. The purpose of administrative rulemaking is to facilitate the administrative agency's placing into effect the policy declared by the General Assembly in the statutes to be administered by the agency. In other words, administrative agency rules are an administrative means for the accomplishment of a legislative end. See *State, ex rel. Curtis,* v. *DeCorps* (1938), 134 Ohio St. 295, at 298 [12 O.O. 96]. By contrast, because it bears no reasonable relationship to the legislative purpose stated in the statute, the rule declares policy rather than dealing with administrative detail.

The General Assembly delegated to the Director of Administrative Services the power to promulgate rules which would assist in the implementation of legislative policy as declared in R.C. Chapter 124. In pursuing that grant of power, the director may not issue rules which are unreasonable or are in clear conflict with statutory enactments covering the same subject matter. *State, ex rel. DeBoe,* v. *Indus. Comm.* (1954), 161 Ohio St. 67 [53 O.O. 5]; *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120 [36 O.O. 471]. By the same token, because the power delegated is to administer rather than to legislate, the director may not promulgate rules which add to his delegated powers, no matter how laudable or sensible the ends sought to be accomplished. In the absence of clear legislative authorization, declarations of policy, of the nature involved in this rule, are denied administrative agencies and are reserved to the General Assembly.

Because the director was without authority to promulgate the rule, the directions issued to appellant to appear for the examinations, because they were issued pursuant to the rule, were illegal. It follows that failure to obey an illegal order cannot constitute insubordination.

The trial court based its decision on *Coleman* v. *Western Reserve Psychiatric Habilitation Center* (Jan. 8, 1981), Cuyahoga App. Nos. 42239 and 42375, unreported. The facts in that case were similar to those in the case before us. The employee argued that Ohio Adm. Code 123:1-33-10 was invalid because, in permitting the appointing authority to place an employee on involuntary sick leave, it abrogated the employee's discretion to use his sick leave, in contravention of R.C. 124.38. In a divided decision, the majority ruled that such a contention was not ripe for argument since the employee had refused to take a medical examination and the appointing authority had therefore not attempted to enforce the involuntary sick leave provision. Unfortunately, we are unable to ascertain from the opinion if the question of whether the director exceeded his authority in promulgating the rule was presented to that court of appeals. We do note that the dissenting member of the panel, in declaring his view that the rule was invalid, felt that the question was squarely before the court.

The order of the State Personnel Board of Review not being in accordance with law, the court of common pleas erred in affirming the order. Accordingly, the assignment of error is sustained, the judgment of the court of common pleas is reversed, and this cause is remanded to the court of common pleas with instructions to enter judgment consistent with this opinion.

Appellees, Department of Administrative Services and State Personnel Board of Review, filed a motion seeking their dismissal as parties to this appeal. Both were named as parties before the court of common pleas, both were served, and both filed a brief. Although they raised in their briefs the propriety of their

being parties to the appeals, neither filed a motion in the court of common pleas seeking their dismissal and neither filed a notice of appeal or cross-assignment of error complaining of the trial court's failure to dismiss them as parties. The issue of their dismissal not having been properly raised below, we are not in a position to consider the issue on appeal. The motion is overruled.

*Motion to dismiss overruled.*
*Judgment reversed and*
*cause remanded with instructions.*

STRAUSBAUGH and McCORMAC, JJ., concur.