THE STATE, EX REL. BRITTON ET AL., APPELLANTS, *v.* SCOTT ET AL., APPELLEES.

[Cite as State, ex rel. Britton, *v.* Scott (1983), 6 Ohio St. 3d 268.]

(No. 83-87—Decided August 24, 1983.)

Mr. *Francisco A. Garabis,* for appellants.
Messrs. *Szolosi & Fitch* and Mr. *Michael R. Szolosi,* for appellees.

*Per Curiam.* The granting of paid sick leave to appellants is governed by R.C. 124.38 which provides, in pertinent part:

"* * * [E]ach employee of any state college or university, * * * shall be entitled for each completed eighty hours of service to sick leave of four and six-tenths hours with pay. Employees may use sick leave, *upon approval of the responsible administrative officer of the employing unit,* for absence due to personal illness, pregnancy, injury, exposure to contagious disease which could be communicated to other employees, and to illness, injury, or death in the employee's immediate family. * * * The appointing authority of each employing unit shall require an employee to furnish a satisfactory written, signed statement to justify the use of sick leave. * * *" (Emphasis added.)

In *State, ex rel. Bd of Edn.,* v. *State Dept. of Edn.* (1981), 67 Ohio St. 2d 126, 128 [21 O.O.3d 79], we stated "* * * that the power to approve generally includes as well the power to disapprove. * * * It is well established that mandamus will not lie to substitute the discretion of a judicial tribunal for that of an administrative official, unless it is clearly shown that the refusal to perform the act constitutes an abuse of discretion. *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581 [50 O.O. 465]; *State, ex rel. Christman,* v. *Skinner* (1933), 127 Ohio St. 55." See, also, *State, ex rel. Democratic Executive Committee,* v. *Brown* (1974), 39 Ohio St. 2d 157, 161 [68 O.O.2d 100].

Appellants' complaint did not allege, nor do they argue herein, that appellees abused their discretion in denying appellants' requests for paid sick leave. Rather, they argue that appellees are without discretion to deny paid sick leave once a request has been made citing one of the permissible reasons enumerated in R.C. 124.38. This argument is without merit. R.C. 124.38 impliedly vests appellees with the discretion to approve or disapprove requests for paid sick leave. Thus, appellants have failed to demonstrate a clear legal duty on the part of appellees to perform the requested act herein.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.