CATALAND, APPELLANT, *v.* CAHILL, RECORDER, ET AL., APPELLEES.

(No. 83AP-155—Decided February 9, 1984.)

*Mr. Robert E. Sexton,* for appellant.

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Joan G. Robinson,* for appellees.

WHITESIDE, P.J.  Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas granting defendants' motion for judgment notwithstanding the verdict of the jury and raises two assignments of error, as follows:

"I.  The court committed error in granting defendants' motion for judgment notwithstanding the verdict and in the alternative a new trial.

."II.  The trial court erred in failing to state the basis of its decision in writing at the time defendants' motion for judgment notwithstanding the verdict was granted."

Plaintiff-appellant, Max Cataland, was formerly a deputy to the Franklin County Recorder serving in that capacity from April 1962 to May 18, 1979. Plaintiff brought this action to recover compensation in the amount of $4,227.30, which he claimed was lawfully owing to him for unused vacation time during such employment. Defendants presented documentary evidence consisting of a vacation and sick-leave record, maintained commencing August 1, 1977, which indicates that plaintiff had used all of his accumulated vacation leave prior to the termination of his employment.

The parties stipulated that, as of May 18, 1976, plaintiff had at least a full three years' vacation leave accumulated, amounting to 350 hours of credit. The records from August 1, 1977 to termination of employment indicate that, during that period, plaintiff earned 253.8 hours of vacation credit and took 539 hours of vacation leave. The discrepancy is explained by defendants as being additional hours lost by plaintiff because of alleged statutory accumulation limitations. Plaintiff, on the other hand, testified that, during this period of time, he took only thirty or thirty-five days vacation leave, which would amount to 210 to 255 hours. Plaintiff also presented some documentary evidence indicating that he worked on some of the days on which he was charged with vacation on the records.

The jury returned a verdict in favor of plaintiff in the amount of $1,925, which would represent 350 hours at a bi-weekly pay of $380, or 175 hours at the hourly rate of $11 per hour, which the trial court charged the jury, without objection, should be utilized in determining compen-

sation due plaintiff for unused vacation time. Plaintiff also presented evidence both from himself and the former county recorder that plaintiff was entitled to take vacation in excess of that provided by statute, but the trial court erroneously charged the jury it was to disregard any such evidence pertaining to accumulation of vacation leave for more than three years or pertaining to use of such prior vacation leave during the period in question. See *Ebert* v. *Bd. of Mental Retardation* (1980), 63 Ohio St. 2d 31 [17 O.O.3d 19]. Sick leave and vacation leave prescribed by statute are minimums only and, where the appointing authority is authorized to establish compensation of employees, either sick-leave or vacation-leave benefits in addition to the minimums prescribed by statute may be granted as part of compensation. Nevertheless, no issue is raised on appeal with respect to this charge.

In effect, the jury found that plaintiff still had 175 hours of vacation leave accumulated over and above that which he had taken or for which he had been paid. This represents twenty-five days of vacation leave, just five days more than the evidence indicates plaintiff had accumulated during the year. Thus, the jury did not accept, *in toto,* either defendants' evidence or that of plaintiff.

Pursuant to Civ. R. 50(B), where there has been a verdict for plaintiff, the test to be employed by the trial court in determining whether to sustain a motion for judgment notwithstanding the verdict is whether the defendant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the plaintiff. When so construed, it is clear that the verdict is a reasonable one which the jury could reach from the evidence. The jury was entitled to believe the testimony of plaintiff to the extent that he was entitled to compensation for 175 hours of vacation leave, even though his testimony would have indicated a much greater number of hours for which he was entitled to compensation. Accordingly, the first assignment of error is well-taken.

The second assignment of error is overruled as being nonprejudicial, even though the trial court erred in failing to comply with Civ. R. 50(E) and "state the basis for its decision in writing" upon the entry of the judgment for defendants notwithstanding the verdict of the jury. In light of the conclusions we have reached with respect to the first assignment of error, there is no prejudice in the trial court's failure to comply with this rule.

Inasmuch as neither party has raised any other issue on appeal, a reversal of the order granting judgment notwithstanding the verdict to defendants will result in reinstatement of the judgment in favor of plaintiff upon the jury verdict.

For the foregoing reasons, the first assignment of error is sustained, and the second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas granting defendants judgment notwithstanding the verdict is reversed; and this cause is remanded to that court with instructions to overrule defendants' motion for judgment notwithstanding the verdict and to reinstate the judgment upon the jury verdict and for such further proceedings as may be in accordance with law and consistent with this opinion.

*Judgment reversed and cause remanded with instructions.*

MOYER and NORRIS, JJ., concur.