786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE SPITTAL, Plaintiff-Appellant,
v.
DEBORAH PIPERNI, ASSISTANT ATTORNEY GENERAL; VIRGINIA
BRAUER; SAM BROWN; LINDA CLARK; EPHRA McNEW PAULL; DAVID
SORENSON, DR.; MAGDI RISK, DR.; WILLIAM BROWN, ATTORNEY
GENERAL; GEORGE GINTOLLI; TONI RICHMOND; LARRY SMITH; JOHN
M. MANOS; RICHARD J. LEVINE, Defendants-Appellees.
 84-3293
 United States Court of Appeals, Sixth Circuit.
 2/10/86
 N.D.Ohio
 AFFIRMED
 ORDER
 
 1
 BEFORE: KEITH and GUY, Circuit Judges, and TAYLOR, District Judge.*
 
 
 2
 Plaintiff appeals the district court's order dismissing his civil rights action. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed this civil rights action against Ohio Assistant Attorney General Deborah Piperni, employees and administrators of the Western Reserve Psychiatric Habilitation Center (W.R.P.H.C.), his ex-wife, and State Administrative Law Judge Richard Levine. Plaintiff alleged that while he was working as an aide at the W.R.P.H.C., the W.R.P.H.C. employees conspired to deprive him of his employment in violation of his due process rights, harassed him, and attempted to ruin his career and his marriage. He claimed they attempted to have him examined by a psychiatrist under Ohio Admin. Code Sec. 123:1-33-10, which provided that a state employee could be required to submit to a medical or psychiatric examination to determine his capability to perform his duties. He further alleged that Assistant Attorney General Piperni called him a derogatory name while he was attempting to argue his position in a state court action he had filed against his supervisors at the W.R.P.H.C., and generally opposed him in that state court action. He alleged that Ohio Administrative Law Judge Richard Levine conducted a hearing on plaintiff's appeal from a disciplinary suspension, and that Levine was biased and his report was not based on the evidence. He sought damages and a declaration that Ohio Rev. Code Sec. 124-34, Ohio Admin. Code Secs. 123:1-29-01 (providing for performance evaluations of public employees) and 123:1-33-10, and the post-discipline administrative procedures are unconstitutional. The district court held that the plaintiff's due process claims were barred under Vicory v. Walton, 721 F.2d 1062 (6th Cir.), cert. denied, ---- U.S. ----, 105 S.Ct. 125 (1983), because plaintiff did not allege that state procedures were inadequate, he was not deprived of a protected liberty interest, defendants Levine and Piperni were immune from prosecution and plaintiff had not stated a claim against Piperni, and his allegation against the remaining defendants were mere conclusions that could not support a civil rights claim. We affirm in part and remand for further proceedings.
 
 
 4
 Plaintiff first argues on appeal that the district court incorrectly summarized the facts as follows:
 
 
 5
 Spittal was working as a hospital aide in W.R.P.H.C.'s secure care ward, which is a ward for dangerous and suicidal patients. While in this position, the plaintiff was informed by his supervisor that he was required to undergo some psychiatric testing in order to keep that position. Spittal asserts that this request for testing came after his ex-wife and several other employees of W.R.P.H.C. entered into a conspiracy against him. This conspiracy was composed of employees who Spittal believed disliked him because of his recent domestic problems with his ex-wife. Spittal was informed by his supervisors that he would be transferred to a different position if he refused to undergo the testing.
 
 
 6
 Spittal filed a complaint in the Summit County Court of Common Pleas in an attempt to stop his transfer out of the secure care ward. At a hearing before a Summit County Common Pleas Judge on July 8, 1982, the W.R.P.H.C. and its employees were represented by Deborah Piperni, an assistant attorney general for the State of Ohio while Spittal appeared pro se. During this hearing, Spittal contends that Piperni repeatedly interrupted his presentation to the court and called him derogatory names. After the hearing the state court ordered, on July 17, 1982, that Spittal be transferred out of the secure care ward.
 
 
 7
 Spittal still refused to accept the transfer to another ward at W.R.P.H.C. and was eventually given a five-day suspension by the hospital. This suspension was appealed by the plaintiff to the State Personnel Board. After holding a hearing, Richard Levine, the administrative law judge, found that the suspension was proper.
 
 
 8
 Plaintiff alleges that this incorrect factual summary led the district court to dismiss his complaint for failure to state a claim. However, he does not point to any allegations that were eliminated by the factual account. The factual summary was substantially correct and plaintiff has shown no prejudice. Therefore his argument is without merit.
 
 
 9
 Plaintiff next argues that defendants violated his due process rights, and Ohio Rev. Code Sec. 124.34 and Ohio Admin. Code Secs. 123:1-29-01 and 123:1-33-10 are facially unconstitutional. The district court held that the claims were barred under Vicory v. Walton, supra, because plaintiff failed to allege that state post-deprivation procedures were inadequate. This is correct insofar as plaintiff alleged that defendants interfered with his employment in violation of state procedure. However, Vicory v. Walton and the Parratt v. Taylor, 451 U.S. 527 (1981), analysis do not apply when the plaintiff challenges the constitutionality of established state procedures as opposed to random, unauthorized acts by state employees. Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc); Lee v. Western Reserve Psychiatric Habilitation Center, 747 F.2d 1062 (6th Cir. 1984). Here, plaintiff alleged that the Ohio statute and regulations were unconstitutional and defendants acted under these regulations. The district court did not address these claims. Plaintiff alleges that Ohio Rev. Code Sec. 124.34 is unconstitutional because it does not provide for a hearing before an employee is suspended. This Court recently held that section 124.34 confers a property interest in employment upon state classified employees which is entitled to some procedural protection. See Boals v. Gray, 775 F.2d 686 (6th Cir. 1985). In this case, it is unclear what pre-suspension process was afforded plaintiff before he was suspended for five days. The issue of what process was due plaintiff before his suspension is remanded to the distric court for initial consideration in light of Boals v. Gray. On remand, the district court should also address plaintiff's claim that section 124.34 is unconstitutional. See Boals v. Gray, supra.
 
 
 10
 Plaintiff alleges that Ohio Admin. Code Sec. 123:1-29-01 violates due process because it does not provide a means for the employee to challenge the evaluation in advance. However, a constitutional due process claim arises only when there is a liberty or property interest which warrants due process protection. Bacon v. Patera, 772 F.2d 259 (6th Cir. 1985); Mayes v. Trammell, 751 F.2d 175 (6th Cir. 1984). Although discharge from employment or a lengthy disciplinary suspension implicates a property interest in continued state employment, see Cleveland Board of Education v. Loudermill, ---- U.S. ----, 105 S.Ct. 1478 (1985); Boals v. Gray, supra, plaintiff has cited no cases in which an employee performance evaluation is held to be a property or liberty interest. Nor does plaintiff identify any property or liberty interest that could be at stake in the performance evaluation. In addition, Ohio administrative procedures provide for a review process through which a dissatisfied employee may challenge an evaluation. This claim has no merit.
 
 
 11
 Plaintiff also challenges the constitutionality of Ohio Admin. Code Sec. 123:1-33-10. This section provided that a state employee could be required to undergo a medical or psychiatric examination to determine continued job capability. This section was repealed effective January 10, 1982. In addition, an Ohio appellate court found this section invalid as promulgated beyond the administrative body's authority. See Carroll v. Dept. of Administrative Services, 10 Ohio App.3d 108, 460 N.E.2d 704 (Franklin Co. 1983). The district court did not make any findings regarding defendant's reliance on this section in transferring and suspending plaintiff. In a letter dated April 5, 1982, defendant Sorenson's office directed plaintiff to submit to a psychiatric evaluation. Plaintiff refused and was subsequently transferred. Whether or not defendants relied on the invalid regulation, plaintiff has not shown that he was deprived of a constitutionally protected property or liberty interest. See Lee v. Western Reserve Psychiatric Habilitation Center, supra; Lawson v. Sheriff, 725 F.2d 1136 (7th Cir. 1984) (transfer without discharge or demotion does not involve a protected due process interest); Mosrie v. Barrie, 718 F.2d 1151 (D.C. Cir. 1983) (same).
 
 
 12
 Plaintiff next argues that defendant Levine was not entitled to quasi-judicial immunity. In support of this argument, plaintiff claims that an administrative law judge is nothing more than a glorified 'sports-writer' because he is biased in favor of the state as the appointing body. Federal and state judges and federal magistrates acting within their jurisdiction are entitled to absolute immunity from suit. See Stump v. Sparkman, 435 U.S. 349 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, ---- U.S. ----, 106 S.Ct. 351 (1985); Little v. Fisher, 530 F.2d 691 (6th Cir. 1976). Referees and hearing officers are also entitled to absolute judicial immunity. Butz v.Economou, 438 U.S. 478 (1978); Lucarell v. McNair, 453 F.2d 836 (6th Cir. 1972); Morrow v. Bassman, 515 F.Supp. 587 (S.D. Ohio 1981). Levine is an administrative law judge for the Ohio Personnel Board of Review. Levine presided over a hearing to determine whether plaintiff's suspension was appropriate. Plaintiff was present and was represented by an attorney. In conducting the hearing, Levine was performing an adjudicative function. See Butz v. Economou. Plaintiff's argument that Levine is not entitled to quasi-judicial immunity because Levine was 'biased' is without merit.
 
 
 13
 Plaintiff's final argument is that the Ohio administrative procedure for a state employee to challenge a discharge or disciplinary action violates due process. The district court did not address this issue in its decision. The district court should address this issue on remand. See Carter v. Western Reserve Psychiatric Habilitation Center, 767 F.2d 270 (6th Cir. 1985).
 
 
 14
 Plaintiff has not challenged the district court's finding of Piperni's immunity. Therefore, this finding is affirmed.
 
 
 15
 Accordingly, it is ORDERED that the district court's judgment is affirmed in part, Sixth Circuit Rule 9(d)(3), and the case is remanded for further proceedings consistent with this order. Sixth Circuit Rule 9(d)(4).
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation