STEINHOUR et al., Appellees,

v.

OHIO STATE UNIVERSITY et al., Appellants.

[Cite as *Steinhour v. Ohio State Univ.* (1989), 62 Ohio App.3d 704.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP-755.

Decided May 2, 1989.

*Francisco A. Garabis,* for appellees.

*Szolosi & Fitch, Michael R. Szolosi* and *Kimberly A. Rye,* for appellants.

WHITESIDE, Judge.

Defendants, Ohio State University and university officials, Madison H. Scott, Thomas B. Smith, Michael Covert and William J. Schwartz, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiffs, Tamera Post Steinhour and Local 4501, Communication Workers of America, and raise two assignments of error as follows:

"1. The court of common pleas erred in finding that the provisions of OAC 3335–79–06(B) and other departmental rules regarding sick leave policies used by defendants are in clear conflict with ORC Chapters 119 and 124 and therefore invalid as outside the scope of power granted by ORC § 124.38.

"2. The court of common pleas erred in sustaining plaintiffs' motion for summary judgment and in overruling defendants' motion for summary judgment."

By their complaint, plaintiffs sought a declaratory judgment as to the validity of an administrative rule adopted by Ohio State University and three departmental policies implemented by it, dealing with the use of sick leave by university employees. Defendants contend that the rule and policies fall within the statutorily granted discretion contemplated by R.C. 124.38 and related sections. Both plaintiffs and defendants filed motions for summary judgment, and the parties filed stipulations of fact. The trial court sustained plaintiffs' motion for summary judgment and overruled that of defendant declaring that " * * * the provisions of Administrative Rule number 3335–79–06–(B), O.A.C., and other relevant departmental rules * * * are in clear conflict with Ohio Revised Code Section [*sic* Chapters] 119 and 124, and therefore invalid as they are outside the scope of power granted by O.R.C. Section 124.38." This decision was incorporated by reference in the judgment entry which declared the rule and policy " * * * to be invalid, unlawful, unenforceable and void," and enjoined defendants from use of said rule or policies " * * * as a requirement for the use of paid sick [leave] by * * * University employees."

The parties have stipulated exhibit A as being a department sick leave policy adopted by a former associate vice president in charge of physical facilities; exhibit B as being the sick leave policy adopted by Ohio State University for use through its operating manual; and exhibit C as being work rules for use in the residence and dining halls food service department.

Exhibit A, the department of physical facilities policy, states in pertinent part that employees' attendance records will be regularly reviewed " * * * to identify developing attendance patterns and/or problems. * * * " If such a pattern or problem occurs, " * * * it will be brought to the employee's attention * * * " and, "[i]f necessary, the employee will be placed on notice that, until the problem is resolved, future requests for sick leave will be scrutinized." The policy goes on to state that:

"The type of pattern or problem which might trigger such a review will include, but not be limited to the following:

"A. The use of 64 or more hours of sick leave in the preceding 12 month period.

"B. Eight (8) or more separate sick leave requests during the preceding 12 month period.

"C. A pattern of sick leave usage in conjunction with days off (weekends, holidays, or vacation)."

The policy goes on to state, " * * * employees who fail to comply with sick leave rules and regulations *will not* be paid for such absences. * * * " (Emphasis *sic.*)

Most of exhibit B is not challenged, the allegations of the complaint being limited to paragraph C(1)(a), which reads as follows:

"1. Sick leave shall be granted to an individual only upon approval of his/her reporting authority for the following reasons:

"a. Illness or injury of the staff member, or of a member of his/her immediate family who requires the care of the staff member."

Also at issue is paragraph D(2), which provides that:

"Where sick leave is requested to care for a member of the immediate family, the reporting authority may require a physician's certificate to the effect that the presence of the staff member is necessary to care for the ill person."

Similarly, most of exhibit C is not pertinent, at issue being only the paragraph labeled "sick leave," which reads in pertinent part:

"Sick leave shall be granted to an employee only upon approval of the manager for the following reasons:

"1. Illness or injury of the employee, or of a member of his/her immediate family who requires the care of the staff member.

" * * *

"A physician's certificate is required if sick leave is being requested for medical, dental or optical examinations and treatment of the employee or a member of the immediate family. The manager may also require a physician's certificate on other occasions such as if sick leave is being requested as necessary to care for an ill relative, or, if sick leave is being requested in conjunction with vacation."

R.C. 124.14(G) confers power upon the personnel department of Ohio State University to exercise the powers, duties and functions of the Department of Administrative Services and the Director of Administrative Services, including the power conferred by R.C. 124.09(A) upon the Director of Administrative Services to "[p]rescribe, amend, and enforce administrative rules for the purpose of carrying out the functions, powers, and duties vested in and

imposed upon him by this chapter.  * * * " [1] Pursuant to that rule-making power, the Ohio State University adopted Ohio Adm.Code 3335–79–06, which reads as follows:

"(A) The appropriate college/department official may require an employee to furnish a satisfactory written signed statement to justify the use of sick leave.  If medical attention is required, a certificate stating the nature of the illness from a licensed physician is required to justify the use of sick leave. Falsification of either a written, signed statement or a physician's certificate shall be grounds for disciplinary action including dismissal.

"(B) When sick leave is requested to care for a member of the immediate family, the appropriate college/department official may require a physician's certificate to the effect that the presence of the employee is necessary to care for the ill person."

▮ Plaintiffs contend that the rule and policies are unreasonable and conflict with R.C. 124.38 by requiring that in order to be entitled to use sick leave to care for a member of the employee's immediate family, the employee must obtain a physician's certificate certifying that the presence of the employee is necessary to care for the ill family member.  There is no such requirement in R.C. 124.38, which provides in pertinent part as follows:

" * * * [E]ach employee of any state college or university * * * shall be entitled for each completed eighty hours of service to sick leave of four and six-tenths hours with pay.  Employees may use sick leave, upon approval of the responsible administrative officer of the employing unit, for absence due to personal illness, pregnancy, injury, exposure to contagious disease which could be communicated to other employees, and to illness, injury, or death in the employee's immediate family.  * * * The appointing authority of each employing unit shall require an employee to furnish a satisfactory written, signed statement to justify the use of sick leave.  If medical attention is required, a certificate stating the nature of the illness from a licensed physician shall be required to justify the use of sick leave.  Falsification of either a written, signed statement or a physician's certificate shall be grounds for disciplinary action including dismissal." [2]

---

1. We note that R.C. 124.09(A) also provides that the adoption or amendment of rules, except those pursuant to R.C. 124.14, " * * * are subject to approval, disapproval, or modification by the state personnel board of review."

2. R.C. 124.38 was amended effective March 16, 1989, but pertinent herein is R.C. 124.38 as it read prior to such amendment.  See 139 Ohio Laws, Part I, 1176, 1196.  We do note that the 1989 amendment to R.C. 124.38 made no apparent change in the substance of the section as quoted above.

R.C. 124.38 expressly provides that sick leave may be used for "* * * illness, injury, or death in the employee's immediate family, * * *" and does not limit such use to situations where medical attention is needed by the family member. The rule and policy under attack, on the other hand, not only require the seeking of medical attention by the family member as a condition for use of sick leave to care for such family member, but also require a doctor to certify that the employee's presence is necessary to care for such family member. Since a medical certification is required, presumably a medical necessity, rather than a practicable necessity or medical desirability, is intended.

R.C. 124.38 establishes minimum sick-leave entitlements for employees and ensures that employees will receive at least such minimum sick-leave benefit or entitlement. *Ebert v. Bd. of Mental Retardation* (1980), 63 Ohio St.2d 31, 17 O.O.3d 19, 406 N.E.2d 1098; *Cataland v. Cahill* (1984), 13 Ohio App.3d 113, 13 OBR 131, 468 N.E.2d 388. On the other hand, R.C. 124.38 does provide that "* * * approval of the responsible administrative officer of the employing unit * * *" is necessary for use of sick leave which vests some discretion in such officer and does not require granting of sick leave merely because the reason stated is one set forth in the statute. *State, ex rel. Britton, v. Scott* (1983), 6 Ohio St.3d 268, 6 OBR 334, 452 N.E.2d 1312. Thus, the appropriate administrative officer is not required to grant sick leave merely because it is requested for a valid reason, but may make a determination of the validity of the stated reason for use of sick leave. However, as stated in *Britton, supra,* the officer must act reasonably; that is, he may not abuse his discretion. *South Euclid Fraternal Order of Police v. D'Amico* (1983), 13 Ohio App.3d 46, 48, 13 OBR 49, 52, 468 N.E.2d 735, 738, explains the *Britton* holding, in part, as follows:

"Suppose, however, Ohio State University had found the request was for one of the R.C. 124.38 reasons, but then refused to pay. Would mandamus lie? Clearly it would, because after the factual determination is made by the employing unit that the sick leave is for an R.C. 124.38 reason, there is no discretion to be exercised."

In *Carroll v. Dept. of Adm. Serv.* (1983), 10 Ohio App.3d 108, 10 OBR 132, 460 N.E.2d 704, this court held a similar sick-leave rule to be invalid as beyond the authority of the Director of Administrative Services to adopt. The rule in that case required an employee to take an examination by a licensed physician to determine the employee's physical and mental capacity to perform the duties of the position. We found no statutory authority for the director to adopt such a rule, specifically noting that such authority is not granted by R.C. 124.38. We stated at 110, 10 OBR at 134, 460 N.E.2d at 706–707, "* * *

[i]n pursuing that grant of power, the director may not issue rules which are unreasonable or are in clear conflict with statutory enactments covering the same subject matter. * * * " Likewise, we noted that " * * * the director may not promulgate rules which add to his delegated powers, no matter how laudable or sensible the ends sought to be accomplished. * * * "

First, we examine the question of conflict. R.C. 124.38 confers a right upon employees to use sick leave for absences due to illness, injury, or death in the employee's immediate family. There is no statutory requirement that limits use of sick leave to instances where it is necessary that the employee care for the person who is ill, nor that such necessity of care be a medical necessity.

Thus, the rule and policy limit the use of sick leave to only a portion of that permitted by the statute for illness or injury in the employee's immediate family. For example, under R.C. 124.38, if an employee's immediate family member were in a hospital, critically ill or critically injured, the employee would be entitled to use sick leave to be with such critically ill or injured person even though the person be hospitalized. Under the administrative rule and administrative policies, sick leave could not be used for that purpose, but would be limited to situations where it was medically necessary that the employee care for the ill or injured family member. The rule and policy attempt to impose much more stringent limitations upon the use of sick leave than those set forth in the statute. The conflict is clear and apparent. As noted in *Ebert, South Euclid,* and *Cataland, supra,* R.C. 124.38 establishes minimum sick-leave benefits or entitlements for employees. In other words, the rule and policy attempt to take away an employee right conferred by statute.

Similarly, the statute requires the furnishing of a medical certificate only "if medical attention is required." The reason that the statute limits the requirement of a medical certificate to situations where medical attention is required is obvious. It would be unreasonable to require an employee to obtain a medical certificate if no medical attention is required for the illness involved. To require an employee to obtain a medical certificate for every illness that prevents his coming to work is clearly unreasonable and would add immensely to health insurance costs, since presumably the employee will be entitled to insurance coverage for the medical examination necessary only to obtain the medical certificate.

It is a matter of common knowledge that many illnesses which prevent one from going to work, such as a common cold, do not require medical attention. At least, the average reasonable person does not seek medical attention until the condition persists for a period of time. This is true whether the illness be that of the employee or a member of the immediate family. For example, if

an employee's child is so sick that he cannot attend school, it may be necessary for the employee to remain home to "care" for that child, but no medical attention is ordinarily sought. Even if medical attention be sought in such a situation, it is only practically, not medically, necessary that the employee remain home with the child since it is possible, and possibly even better medically, to obtain the services of another, even a nurse, to care for the sick child.

Even to the extent that "necessity" be involved in connection with sick-leave use for illness or injury to a member of the immediate family, it is ordinarily a practical, rather than a medical, necessity. The rule and policy not only conflict with R.C. 124.38, but on their face are unreasonable.

Defendants also contend, however, that the trial court order is overbroad and invalidates all of the rule and policies, not just that portion pertaining to use of sick leave for illness or injury of members of an employee's immediate family which is the issue raised by the pleadings. To this extent we agree. The trial court's order can be viewed as extending beyond the provision that was the subject of plaintiffs' complaint and, accordingly, should be modified so as to limit the scope of the order. Accordingly, although the first assignment of error is not well taken as stated, the additional issue raised thereunder that the order itself is overbroad is well taken.

■ By the second assignment of error, defendant contends that the trial court erred in sustaining plaintiffs' motion for summary judgment raising again the issue determined by the first assignment of error and, in addition, contending that plaintiff Steinhour has no standing to maintain this action. First, we note that, inasmuch as no contention is made that plaintiff Local 4501 does not have standing to bring this action, any error in permitting plaintiff Steinhour to maintain this action is not prejudicial, at least no prejudice has been demonstrated. However, we find no error under the circumstances of this case.

Plaintiffs' contention is predicated upon Steinhour's admission in answer to an interrogatory that she never has had any sick leave denied which resulted in loss of pay. She has, however, on occasion had sick-leave forms questioned and has been required to furnish additional information. It is unclear as to whether plaintiff Steinhour has been required to use vacation rather than sick leave for some absences for which she requested sick leave. Nevertheless, we find the lack of standing contention to be without merit. It is not necessary that a regulation be violated in order to present a justiciable controversy where the regulation itself essentially involves legal questions. It is sufficient that Steinhour demonstrated she is a person affected by such rule, even though her rights have not yet been violated by application of the rule. There

is no contention that plaintiff Steinhour is not an employee affected by the rule and at least one of the policies. We find no prejudicial error on the part of the trial court in not finding Steinhour to have insufficient standing to maintain this action. The second assignment of error is not well taken.

For the foregoing reasons, both assignments of error are overruled except to the extent that the language of the judgment is overbroad, and the judgment of the Franklin County Court of Common Pleas is modified so as to limit the finding and order to those portions of Ohio Adm.Code 3335–79–06(B) and university policy pertaining to use of sick leave because of illness or injury of a member of an employee's immediate family and, as so modified, the judgment is affirmed, and this cause is remanded to that court with instructions to implement the modification, with the costs of this appeal being assessed against appellants.

*Judgment modified and cause remanded with instructions.*

REILLY and MARTIN, JJ., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.