**Columbus & Southern Ohio Electric Co.**
**v.**
**Industrial Comm'n.**
*[Cite as 8 AOA 477]*

*Case No. 89AP-444*

*Franklin County, (10th)*
*Decided December 20, 1990*

*Charles J. Kurtz, III, Porter, Wright, Morris &
Arthur, for Appellants.*

*Anthony J. Celebrezze, Jr., Attorney General,
and Gerald H. Waterman, for Appellees.*

STRAUSBAUGH, J.

This is an appeal by both plaintiffs and defendants from a judgment of the Franklin County Court of Common Pleas in which plaintiffs sought declaratory judgment with regard to the effect of amendments to R.C. 4123.343. The trial court held that the amendments to R.C. 4123.343 were not effective until January 1, 1987 and could not be applied to reimbursements requested during the 1986 calendar year.

In 1959, the General Assembly enacted a provision within the workers' compensation laws establishing a program which afforded certain financial relief to an employer whose handicapped employee sustained an industrial injury or contracted an occupational disease. The stated purpose of this handicap reimbursement program was to encourage employers to hire and retain handicapped employees. As part of this legislation, employers have been required to annually preregister their handicapped employees with the Bureau of Workers' Compensation. If one of these employees is subsequently injured or contracts an occupational disease, the employer may file an application with the Industrial Commission of Ohio ("commission") seeking a determination of entitlement to a reimbursement from the statutory surplus fund for certain forms of compensation. R.C. 4123.34(C) also provides that an employer, who has failed to preregister a handicapped employee, can still be afforded an opportunity for a determination under the handicap reimbursement law upon a showing and finding by the commission of good cause for the failure to preregister.

R.C. 4123.34(D) provides that if the commission finds that the injury, disability, or death would not have been sustained by the employee but for the handicap, then the total amount of any workers' compensation ordered by the commission is to be paid from the state surplus fund created by R.C. 4123.35 and is not to be charged against the employer. However, if the injury would have occurred regardless of the employee's handicap impairment, then a percentage of any workers' compensation awarded by the commission is to be charged to the statutory surplus fund.

Prior to the amendment of R.C. 4123.343, an employer's total reimbursements under the handicap reimbursement program was without limitation. An employer would receive credits or reimbursements in each of the applicable workers' compensation claims without restriction as to amount. In essence, this would mean that for some self-insured employers their reimbursements under R.C. 4123.343 would exceed their contributions to the state insurance fund.

Subsequently, on August 22, 1986, R.C. 4123.343 was amended to add two new provisions. Pursuant to amended R.C. 4123.343(F), an employer who is a contributor to the state insurance fund may not receive cumulative reimbursements which exceed that employer's workers' compensation premium which is paid in that year. If the employer is self-insured, the handicap reimbursements under R.C. 4123.343 may not in any year in an aggregate amount exceed the "assessments" which they pay.

R.C. 4123.343 was also amended to include subsection (G) which affords self-insuring employers an opportunity to opt out of the handicap reimbursement program. If an employer elects to opt out of the program, it is excused from paying any further amounts into the surplus fund which would be assessed for handicap reimbursement for claims made after January 1, 1987. In those cases when a self-insuring employer has elected to opt out of the program, it may not later receive any handicap reimbursement and must assume responsibility for compensation and benefits which arise out of claims made prior to January 1, 1987.

In the present case, plaintiffs, Columbus and Southern Ohio Electric Company and

Southern Ohio Coal Company, elected to stay in the handicap reimbursement program. Plaintiffs commenced the present action by filing their complaint for declaratory relief, challenging the decision of the commission to apply R.C. 4123.343 to claims which arose prior to January 1, 1987. On March 15, 1989, the trial court held that the amendments to R.C. 4123.343 were not effective until January 1, 1987 and could not therefore be applied to any reimbursements requested during the calendar year of 1986.

The trial court held that the word "assessments" as set forth in R.C. 4123.343(F) included all assessments paid by plaintiffs in any calendar year including, but not limited to: premium, administrative costs assessments, handicap assessments, Disabled Workers' Relief Fund ("DWRF") tax, and intentional tort fund charges. The trial court also held that the term "assessments" was not limited to the individual handicap assessments as claimed by defendants nor did it include payment for compensation or benefits.

The trial court found that R.C. 4123.343 limited the amount of handicap reimbursement which plaintiffs would be eligible to receive in any calendar year beginning January 1, 1987 to the amount of assessments which were paid by each and, further, that R.C. 4123.343 applied to all workers' claims for compensation and benefits for injury or occupational disease regardless of the date of the injury or onset of the disease and regardless as to the date of the application for relief or decision of the commission finding that plaintiffs were entitled to handicap relief in any particular claim. The trial court concluded that R.C. 4123.343 was constitutional and held that any provision of Ohio Adm. Code 4121-3-28 which was inconsistent with the trial court's decision was unlawful and therefore invalid.

Both plaintiffs and defendants have filed an appeal from the decision of the trial court and each have set forth separate assignments of error. On appeal, plaintiffs have set forth two assignments of error for this court's review:

"1. The trial court erred in concluding that R.C. 4123.343(F), which for the first time limits the amount of handicap reimbursement a self-insuring employer can receive in any one year, applies to all requests for reimbursement submitted to the Industrial Com-

mission after January 1, 1987, regardless of worker's date of injury or the date of the onset of the worker's disease and regardless of the date of the employer's application for handicap relief or the decision of the Industrial Commission finding the employer entitled to handicap relief. Such retroactive application of R.C. 4123.343(F) was not intended by the General Assembly and, if intended, would be prohibited by Ohio Const. Art. II, §28.

"2. The trial court erred in concluding that the term assessments' as used in R.C. 4123.343(F) does not include compensation and benefits paid by self-insuring employers. Such interpretation of the term 'assessments' is contrary to the plain meaning of the statute and denies self-insuring employers due process and equal protection under the law."

Defendants have also set forth two assignments of error for this court's review on appeal:

"1. The trial court erred in its finding that the amendments to Section 4123.343, Revised Code, contained within Am. Sub. S.B. 307 are not effective until January 1, 1987, and may not be applied to reimbursements requested during 1986.

"2. The trial court erred in its finding that the word 'assessments' contained within Section 4123.343(F), Revised Code, refers to all assessments, including *inter alia* premium, administrative costs assessments, DWRF tax, intentional tort contributions, which are paid by a self-insured employer in any calendar year."

As the four assignments of error raised on appeal are interrelated, this court will address them together. Prior to the amendment of R.C. 4123.343, the amount of a self-insured employer's handicap reimbursement payments in a given year was not limited. However, following the amendment, R.C. 4123.343(F) provides:

"No employer shall in any year receive credit under this section in an amount greater than the premium he paid if a state fund employer or greater than his assessments if a self-insuring employer."

Initially, this court must determine when R.C. 4123.343(F) became effective. While the trial court concluded that the amendments to R.C. 4123.343 are not effective until January 1, 1987, we cannot agree. In paragraph one of the syllabus in *State, ex*

*rel. Harness, v. Roney* (1910), 82 Ohio St. 376, the Supreme Court of Ohio held:

"The presumption is that the legislature intends a statute to take effect at the time it declares the statute shall be in effect, and a court may not by construction substitute a different time merely to correct defective legislation. The province of construction is to ascertain and give effect to the intention of the legislature, but its intention must be derived from the legislation and may not be invented by the court. To supply the intention and then give the statute effect according to such intention would not be construction but legislation." See, also, *State, ex rel. Conn, v. Noble* (1956), 165 Ohio St. 564, 569. Plaintiffs argue that the effective date of R.C. 4123.343(F) is not until January 1, 1987, relying upon the language contained within R.C. 4123.343(G). Although R.C. 4123.343(G) addresses claims for handicap reimbursement which are made after January 1, 1987, and the ability of a self-insured employer to opt out of the handicap reimbursement program, the statutory enactment date is still to be considered to be effective on August 22, 1986. Accordingly, we conclude that the trial court erred in holding that the amendment to R.C. 4123.343(F) was not effective until January 1, 1987.

With regard to the issue of when the right to handicap reimbursement vests, we note this court's decision in *Buckeye Steel Castings Co. v. Indus. Comm.* (Sept. 26, 1989), Franklin App. Nos. 89AP-333, 89AP-334, 89AP-335, 89AP-336, 89AP-337, and 89AP-338, unreported (1989 Opinions 3657). In *Buckeye Steel,* the defendants appealed from the judgments of the trial court which granted the plaintiffs' motions for summary judgment. The plaintiffs initiated the action seeking a declaration by the trial court that amended R.C. 4123.343(F) was being unconstitutionally retroactively applied by the defendants. This court recognized that there existed several possible situations under which R.C. 4123.343 could be applied:

"(1) Claims for handicap reimbursement which, after full adjudication by the commission, have been approved. In other words, an employer (who either has pre-registered the injured handicapped employee, or the commission has found 'good cause' for the failure to do so), has been granted by the commission the right to receive reimbursements from the surplus fund with respect to allowed claims for such particular handicapped employee relative to a specific injury.

"(2) A claim for handicap reimbursement has been filed, but not yet determined by the commission, where the employer has pre-registered the [sic] its handicapped employee who has been injured, and his claim allowed and compensation awarded. Nevertheless, the injury has occurred and been determined compensable as to the employee by the commission. Until that determination, pursuant to R.C. 4123.343(B), the employer is not entitled to file an application for handicap reimbursement.

"(3) The same as (2) above except that the claim for handicap reimbursement has not been filed.

"(4) An injury sustained by a handicap employee of an employer who has not pre-registered the handicap employee prior to the time that the injury occurred. A claim for the injury may have been allowed with the employee being granted compensation and an application for handicap reimbursement even may have been filed. However, since no registration prior to the injury has been filed by the employer, it must first request the commission to determine if the employer has established 'good cause' for its failure to register prior to making a determination regarding handicap reimbursement. See R.C. 4123.343(B).

"(5) An injury to a handicapped employee which occurred subsequent to August 22, 1986, the effective date of R.C. 4123.343(F). All parties to this present action concur that R.C. 4123.343(F) may be applied to those claims. Therefore, we make no further comment thereon." *Id.* at 3663-3664.

This court then concluded, which we find controlling in this case:

"Accordingly, pursuant to R.C. 1.58, R.C. 4123.343(F) cannot be applied to those claims which were pending as of its effective date of August 22, 1986. Pending claims include all cases where a handicap reimbursement application has been filed by the self-insured employer whether or not the application has been adjudicated by the commission's determination that the employer is entitled to a percentage reimbursement for all future payments incurred with respect to the injured handicapped employee, provided the self-insured employer pre-registered the injured

handicapped employee and made application for reimbursement prior to the effective date of R.C. 4123.343(F)." *Id.* at 3671.

While plaintiffs have raised hypothetical situations regarding the application of R.C. 4123.343(F), it was conceded at oral argument before this court that there has been no appeal filed in which handicap reimbursements have been sought involving those situations. Accordingly, we do not decide whether the application of R.C. 4123.343(F) as to the date of injury or onset of disease would require a different result.

We next address the meaning of the word "assessments" as set forth in R.C. 4123.343 (F). This term is important in that it limits the amount of credit to which a self-insuring employee is entitled. The trial court concluded that assessments as set forth in R.C. 4123.343(F) included:

"*** [A]ll of the assessments paid by the plaintiffs in any calendar year including, but not limited to, premium, administrative cost assessments, handicap assessments, DWRF tax, and intentional tort fund charges, and is not limited to individual handicap assessments as claimed by defendants. The word 'assessments' does not include payment for compensation or benefits."

As set forth in R.C. 4123.343(F), self-insuring employers are to continue to receive credit for handicap reimbursement up to the amount of their "assessments." This term is in the plural and is unqualified. Nevertheless, defendants have promulgated Ohio Adm. Code 4121-3-28(G) which provides:

"No employer shall in any rating year receive credit under section 4123.343 of the Revised Code in an amount greater than the premium it paid if a state fund employer or greater than its handicap assessments if a self-insuring employer."

The purpose of administrative rule making is to facilitate an administrative agency's placing into effect a policy declared by the General Assembly in those statutes which are to be administered by an administrative agency. See *State, ex rel. Curtis, v. DeCorps* (1938), 134 Ohio St. 295, 298; *Meyers v. State Lottery Comm.* (1986), 34 Ohio App. 3d 232, 234. However, in pursuing this objective, an agency may not issue rules which are unreasonable or in clear conflict with statutory enactments covering the same subject matter. *State, ex rel. DeBoe, v. Indus. Comm.* (1954),

161 Ohio St. 67; *Kroger Grocery & Baking Co. v. Glander* (1948), 149 Ohio St. 120; *Carroll v. Dept. of Admin. Services* (1983), 10 Ohio App. 3d 108.

In the present case, we find that the attempt to limit available reimbursements, as defined in Ohio Adm. Code 4121-3-28(G) as "handicap assessments" to be in conflict with the statute. Inasmuch as administrative agencies are creatures of statute and possess only such rule making power as is delegated to them, this conflict must be resolved in favor of the statute as promulgated by the General Assembly. We therefore conclude that the term "assessments" as used in R.C. 4123.343 includes *all* assessments which are made and then paid by a self-insured employer. However, we find that the trial court properly determined that assessments does not include payment for compensation or benefits as this is specifically set forth in R.C. 4123.343(G).

Accordingly, we sustain plaintiffs' first assignment of error for those reasons stated in *Buckeye Steel, supra,* except as to the date of injury or onset of disease, which we do not decide. Plaintiffs' second assignment of error is not well-taken and is overruled. Defendants' first assignment of error is sustained to the extent that the effective date of R.C. 4123.343(F) is August 22, 1986. Defendants' second assignment of error is not well-taken and is overruled. Based upon the foregoing, the trial court's decision is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded.*

WHITESIDE and AMMER, J.J., concur.

AMMER, J., of the Pickaway County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.