HARVEY, Appellant,

v.

**OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES et al., Appellees.**

[Cite as *Harvey v. Ohio Dept. of Adm. Serv.* (1993), 85 Ohio App.3d 156.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1121.

Decided Jan. 21, 1993.

*Livorno & Arnett* and *Henry A. Arnett,* for appellant.

*Lee Fisher,* Attorney General, and *Jerry K. Kasai,* Assistant Attorney General, for appellees.

BOWMAN, Judge.

Appellant, David M. Harvey, appeals from a judgment of the Franklin County Court of Common Pleas which affirmed a decision by appellee, the Ohio Department of Administrative Services ("ODAS"), to deny his application for disability leave benefits. Appellant, who is an employee of the Ohio Department of Health, was injured on August 29, 1989, while moving equipment at his place of employment. Sometime thereafter, appellant applied for and received workers' compensation benefits. Appellant also applied for disability leave benefits; however, ODAS denied his claim because appellant was already receiving workers' compensation benefits.

■ At issue is the authority of ODAS to promulgate Ohio Adm.Code 123:1–33–14(A), which prohibits persons injured in the course of employment, who are covered by a workers' compensation plan, from obtaining state disability leave benefits pursuant to R.C. 124.385.[1]

The trial court, hearing this matter on appeal under R.C. 119.12, determined that the broad authority granted ODAS by the General Assembly to fashion rules for the administration of R.C. 124.385 permitted ODAS to restrict receipt of disability leave benefits in the manner set forth in the rule. The court specifically found that "[t]o exclude disability leave when workers' compensation is received is both reasonable and in consonance with the purpose of the intent of the disability program."

Appellant now raises the following assignment of error:

"The Director of the Department of Administrative Services erred in denying Appellant's application for disability leave benefits, and the Court of Common Pleas erred in affirming that denial."

In reviewing the propriety of an agency rule, this court is mindful that:

" * * * The purpose of administrative rulemaking is to facilitate the administrative agency's placing into effect the policy declared by the General Assembly in the statutes to be administered by the agency. In other words, administrative agency rules are an administrative means for the accomplishment of a legislative end. * * * " *Carroll v. Dept. of Adm. Serv.* (1983), 10 Ohio App.3d 108, 110, 10 OBR 132, 133, 460 N.E.2d 704, 706.

---

1. This opinion does not address the validity of the subsections of Ohio Adm.Code 123:1–33–14 precluding recovery of disability leave benefits for injury or illness arising out of circumstances which include attempted suicide, acts of war, riots, drug or alcohol addiction, or commission of a felony.

Therefore, we may only reverse upon a finding that the rules "are unreasonable or are in clear conflict with statutory enactments covering the same subject matter." *Id.* The rules must not add to the delegated powers of an agency director, "no matter, how laudable or sensible the ends sought to be accomplished." *Id.*

Applying *Carroll* to these facts, it must be determined whether Ohio Adm.Code 123:1–33–14(A): (1) is unreasonable; (2) is in clear conflict with R.C. 124.385, the relevant statutory enactment; or (3) adds to the delegated powers of the Director of ODAS. See *Ohio Assn. of Consulting Engineers v. Voinovich* (1992), 83 Ohio App.3d 601, 615 N.E.2d 635. See, also, *Steinhour v. Ohio State Univ.* (1989), 62 Ohio App.3d 704, 577 N.E.2d 413.

R.C. 124.385 sets forth the eligibility requirements for disability leave and provides that:

"(A) An employee is eligible for disability leave benefits under this section if he has completed one year of continuous state service and if either of the following applies:

"(1) He is a full-time employee and is eligible for sick leave credit pursuant to division (B)(1), (2), (3), or (6) of section 124.382 of the Revised Code;

"(2) He is a full-time employee, is on disability leave or an approved medical leave and would be eligible for sick leave credit pursuant to division (B)(1), (2), (3), or (6) of section 124.382 of the Revised Code except that he is in no pay status."

R.C. 124.385 also mandates the director of ODAS to promulgate rules establishing a disability leave program and provides:

"(B) The director of administrative services, by rule adopted in accordance with Chapter 119. of the Revised Code, shall establish a disability leave program. The rule shall include, but shall not be limited to:

"(1) Procedures to be followed for determining disability;

"(2) Provisions for the allowance of disability leave due to illness or injury[.]"

Pursuant to this statutory authority, ODAS promulgated Ohio Adm.Code 123:1–33–14(A) which provides:

"Disability leave benefits are not payable for any disability caused by or resulting from:

"(A) Any injury or illness received in the course of and arising out of any employment covered by any workers' compensation or federal compensation plan."

ODAS argues that R.C. 124.385(B) enabled the director to promulgate a rule precluding disability benefits under certain circumstances, and that the General Assembly delegated to ODAS the determination of what those circumstances would be. ODAS further argues the rule is a procedure for determining disability. We disagree that R.C. 124.385 gave ODAS the broad authority to determine that employees injured on the job would not qualify for state disability leave benefits.

The rule is in clear conflict with the relevant statutory enactment. R.C. 124.385(A) provides that, to be eligible for disability leave benefits, a state employee needs to meet only two criteria: first, a person must be a full-time state employee who has completed one year of continuous state service; and, second, the person must be either eligible for sick leave credit or on disability leave or approved medical leave and eligible for sick leave credit except for being in no pay status.[2]

R.C. 124.385(A)(1) and (2) do not make eligibility for disability leave benefits subject to any other qualification, nor does R.C. 124.385(B) give ODAS the authority to impose further restrictions upon the receipt of disability leave benefits. Although R.C. 124.385(A)(1) and (2) do allow ODAS to adopt procedures for determining disability and to adopt provisions for the allowance of disability leave, such procedures cannot deny disability benefits to those persons otherwise eligible pursuant to statute. Had the legislature intended to deny disability leave benefits where an injury is covered by a workers' compensation plan, the legislature could have so provided. For example, R.C. 4123.56 provides for an offset against workers' compensation payments made pursuant to other, fully funded, employee insurance programs.[3] Instead, the legislature simply vested ODAS with the authority to adopt provisions for the allowance of disability leave.

In addition, Ohio Adm.Code 123:1–33–14(A) is unreasonable in that it prevents an employee from choosing between disability leave benefits and workers' compensation benefits. The rule would appear to deny disability leave benefits even though an employee is not actually paid workers' compensation benefits, so long as the injury is arguably *covered* by a workers' compensation plan. There is nothing intrinsically wrong with allowing an employee to collect both workers' compensation and disability leave benefits, or with allowing an employee to

---

**2.** Although not defined in R.C. 124.385, "no pay status" is defined in R.C. 124.382(A)(4) as "the conditions under which an employee is ineligible to receive pay" and includes disability leave, which subdivision (A)(5) defines as "the leave granted pursuant to section 124.385."

**3.** Inasmuch as the issue was not raised or briefed, we express no opinion as to whether Ohio Adm.Code 123:1–33–14(A) may also be in conflict with R.C. 4123.56.

choose between the two types of payment. Ohio Adm.Code 123:1–33–14(A) does not recognize that there may be reasons why an employee would prefer disability leave benefits to workers' compensation benefits, one reason being that the workers' compensation provisions only entitle an employee to up to sixty-six and two-thirds percent of his or her average weekly wage, while disability leave benefits may be recovered for at least seventy percent of the base rate of pay. See R.C. 4123.56(A) and 124.385(B)(4). The trial court determined that, because appellant had in fact applied for and received workers' compensation benefits, these issues were not relevant to its disposition of the case. Although such facts would not be pertinent to a discussion of the reasonability of this individual application of Ohio Adm.Code 123:1–33–14(A), such facts are germane to a determination of whether, on its face, the administrative code section is a reasonable exercise of the director's delegated authority.

Finding Ohio Adm.Code 123:1–33–14(A) to be unreasonable, in clear conflict with R.C. 124.385, and an impermissible addition to the delegated powers of the director of ODAS, we hold Ohio Adm.Code 123:1–33–14(A) invalid and find the trial court erred in affirming the decision by ODAS to deny appellant disability leave benefits.

■ ODAS has filed a supplemental notice of authority in which it is asserted that appellant lacks standing to pursue this appeal because appellant's union is his sole and exclusive representative in this matter. To this notice of supplemental authority, ODAS attached what purports to be a copy of a portion of the collective bargaining agreement between the state of Ohio and the Ohio Civil Service Employees Association, Local 11, AFSCME, AFL–CIO. Appellant has filed a motion to strike this supplemental notice of authority. ODAS never raised the issue of standing in the trial court and did not file a notice of cross-appeal. Appellant cannot raise the issue of standing for the first time on appeal and certainly not by means of a notice of supplemental authority. Further, the collective bargaining agreement is not a part of the trial record and, as this court is confined to a consideration of only those matters in the record, the motion to strike is sustained.

Appellant's assignment of error is sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

WHITESIDE and TYACK, JJ., concur.